## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD BUSH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:25-cv-03552-JDW** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.,* | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

Gerald Bush complains that the City of Philadelphia and the Philadelphia District Attorney's Office wronged him, but his claim lacks enough details to make his claims plausible. I will therefore dismiss the claims. I will give Mr. Bush an opportunity to file an amended complaint with more factual detail on most of his claims.

### I.      BACKGROUND

On March 17, 2025, Mr. Bush was arrested. *See Com. v. Bush*, MC-51-CR-4852-2025 (C.P. Phila.). On March 18, 2025, he was arraigned on charges of Contempt For Violation OF An Order Or Agreement, Terroristic Threats With Intent To Terrorize Another, and Harassment-Subjecting Another To Physical Contact. The trials were withdrawn on July 8, 2025. Mr. Bush was rearrested on July 25, 2025, and charged with the same charges plus Stalking Repeatedly Committing Acts To Cause Fear. Mr. Bush is awaiting trial on those charges. *See id.*

Mr. Bush alleges that the "City" arrested and incarcerated him, but that the charges against him were later dismissed. He claims that those responsible for his arrest "includes

Police Department and District Attorney." (ECF No. 2 at 5 (§ IV.D.)) According to him, "[t]here was lack of probable cause and malice or bad faith." (*Id.* at 13.) Mr. Bush claims that he has sought medical care for injuries that he does not describe, which he suffered on an unidentified date while he was housed at the Philadelphia Detention Center ("PDC"). He asserts a Fourth Amendment malicious prosecution claim, as well as Eighth and Fourteenth Amendment claims. Although the state court docket reflects that Mr. Bush is in custody at the Curran-Fromhold Correctional Facility, the Philadelphia Inmate Locator does not list him as confined. Moreover, when he filed this case, Mr. Bush filed a non-prisoner motion for leave to proceed *in forma pauperis* and provided an address suggesting that he was not at that time confined.

Mr. Bush filed this case on July 9, 2025. On July 30, 2025, he filed a motion to add the PDC as a defendant.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, I can take judicial notice of facts that publicly available dockets reflect. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Mr. Bush has filed the Court's standard form and attested under penalty of perjury that he lacks the income or assets to pay the required filing fee. I will therefore grant him leave to proceed *in forma pauperis*.

### B.    **Motion To Add PDC**

I will treat Mr. Bush's motion to add PDC as a defendant as a motion to amend the complaint. Under Federal Rule of Civil Procedure 15, I may deny a motion to amend if amendment would be futile. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)., Although Mr. Bush seeks to add PDC as a defendant, his motion does not include facts that might support a claim against it. Mr. Bush's claim against PDC is not plausible. He does not allege any facts to support a claim against PDC. Even if he did, courts have held

3

that a prison like PDC is not a "person" under Section 1983. *See, e.g., Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976). I agree and will therefore deny Mr. Bush's request for leave to add PDC. If Mr. Bush has Eighth Amendment claims that he wants to add against individual defendants (rather than PDC), he can do that if and when he files an amended complaint.

### C.    Plausibility Of Claims

Mr. Bush asserts claims based on alleged violations of his constitutional rights. The way to raise constitutional violations by state and local governmental officials is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### 1.    Claims against the PPD

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that while a municipality may be liable under Section 1983, a police department, as a mere sub-unit of the municipality, may not. *See, e.g., Bush v. City of*

*Philadelphia Police Dept.*, 684 F. Supp.2d 634, 636 (E.D. Pa. 2010). Therefore, the PPD is not a proper defendant in this action under Section 1983.. I will therefore dismiss Mr. Bush's claims against the PPD with prejudice because there is no set of facts that Mr. Bush could allege to salvage his claim against the PPD.

### 2.    Claims against the DA's office

The only reference to the DA's office in the Complaint states, "This [i.e., his arrest and incarceration] includes Police Department and District Attorney" in connection with Mr. Bush's allegation that the City arrested and held him on charges that were later dismissed. (ECF No. 2 at 5 (§ IV.D.).) Mr. Bush does not allege how the DA's office was involved in the alleged violation of his rights and has therefore failed to state a plausible claim against it. *Rode*, 845 F.2d at 1207. I will therefore dismiss his claim against the DA's office. However, I will give him leave to file an amended complaint to try to cure the deficiency by adding factual detail to explain his claim against the DA's office.

### 3.    Claims against the City

#### a.    Claims about arrest

To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege that a government official charged him without probable cause, leading to an unreasonable seizure of his person. *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024). A malicious prosecution claim under § 1983 has five elements: (a) the defendants initiated a criminal proceeding; (b) the criminal proceeding ended in the

plaintiff's favor; (c) the proceeding was initiated without probable cause; (d) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (e) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). A "favorable termination" occurs when a prosecution ends "without a conviction." *Thompson*, 596 U.S. at 49.

In support of his claim, Mr. Bush alleges that the City arrested and incarcerated him on charges that it later dismissed. He also alleges that these actions occurred without probable cause, prompted by malice or bad faith. Mr. Bush's allegations just parrot the elements of a malicious prosecution claim, without providing a factual basis for his claim. In addition, he does not identify any individual employed who the City employed who was involved in his arrest, the deprivation of his liberty, or the decision to first pursue and then dismiss charges against him. If he chooses to file an amended complaint, Mr. Bush should attempt to identify such individuals.

Mr. Bush also references the Fourteenth Amendments in his Complaint, which I understand to be a claim about the deprivation of his liberty. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection

of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). Although Mr. Bush arguably alleges that he was deprived of his right to liberty, he does not allege that the related procedures deprived him of due process of law and therefore has not stated a plausible due process claim.

In addition, the Complaint does not allege a plausible municipal liability claim. To state a plausible claim for municipal liability against an entity such as the City, a plaintiff must allege that the City's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694. The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quote omitted). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quote omitted). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* at 798 (quote omitted). That requires a plaintiff to allege facts to "demonstr[e] an 'affirmative link' between the policy or custom and the particular constitutional violation." *Id.*

Mr. Bush does not allege that the conduct upon which he bases his claims resulted from a policy or custom that the City designed and implemented. He does not identify individuals who acted pursuant to such a policy or the decisionmakers who established it. As a result, his claim is not plausible. I will therefore dismiss his claim, but I will give him an opportunity to add factual details.

### b.    Claims about injury while in custody

Mr. Bush makes a reference to the Eighth Amendment without any context. The Eighth Amendment protects convicted inmates from injuries resulting from deliberate indifference to the inmate's health or safety and from the unnecessary and wanton infliction of pain. *See Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020). Mr. Bush refers to an injury he suffered while housed in the PDC but does not include any facts describing the surrounding circumstances or name an individual who was personally responsible for a constitutional violation. He therefore has not stated a plausible Eighth Amendment claim. I will give him leave to add facts to an amended complaint to try to flesh out this claim.

## IV.    CONCLUSION

I will grant Mr. Bush leave to proceed *in forma pauperis*. I will deny him leave to add PDC as a defendant. I will dismiss his claims against the PPD with prejudice and his other claims without prejudice, and I will give him leave to file an amended complaint with respect to the claims dismissed without prejudice. An appropriate Order follows.

BY THE COURT:

_/s/ Joshua D. Wolson_
**JOSHUA D. WOLSON, J.**

October 24, 2025